PATRICK E. HIGGINBOTHAM, Circuit Judge:
M. Bruce Peele seeks review of the bankruptcy court’s ruling on his final application for fees. Because we find that the ruling was inconsistent with 11 U.S.C. § 328(a), we REVERSE and REMAND for the recalculation of Peele’s fees.
Hill, Held, Metzger, Lofgren & Peele, P.C., (“Hill & Held”) was employed as special litigation counsel to represent the trustee for Texas Securities, Inc. The original Employment Order, dated April 6, 1994, provided that the law firm was to be employed on a contingent fee basis, giving it a 40% fee for assets recovered for the debtor Texas Securities. Peele is the successor to the law firm. The original Employment Order did not specify whether the fee provision was governed by 11 U.S.C. § 328 or 11 U.S.C. § 330.
On October 20, 1995, the bankruptcy court entered an order modifying the original order that approved Hill & Held’s employment. The modifying Order provides that the Hill & Held firm
shall, consistently with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 827 and 328, submit all interim and final fee applications on the following basis: (i) all work completed prior to September 8, 1995, shall be submitted in accordance with the April 6, 1994 Order authorizing employment of Hill & Held on a contingency fee basis; (ii) as to all work pending as of September 8, 1995, the fees associated with said work shall be calculated using a blended formula which Hill & Held contends represents reasonable compensation based upon the April 6th contingency fee arrangement for work performed prior to September 8th and the hourly fee arrangement for work performed after September 8th; and (iii) *445 as to all new work commenced after September 8th, Hill & Held shall submit its fee applications based upon hourly rates in effect as of September 8, 1995.
The Order further states that it “does not modify, in any respect, this Court’s authority to review this and all employment orders in accordance with Section 828 of the Bankruptcy Code.” The only Bankruptcy Code sections referenced in the Order are §§ 327 and 328.
When Peele submitted his final fee request, the bankruptcy court reduced the amount from that requested by $ 40,-102.32. The bankruptcy court’s order on final applications for fees, dated March 24, 1999, states that it analyzed the fee requests in accordance with the “lodestar” formula provided for by 11 U.S.C. § 330(a)(1). Peele requested contingent fees of $591,234 and hourly fees of $69,503. He billed the hourly fees at a rate of $201.19 per hour. The bankruptcy court approved payment of $620,634.68, without distinguishing between contingent and hourly fees and without explaining the reason for the reduction from the amount Peele requested.
Peele appealed the order on final applications for fees to the district court, arguing that the bankruptcy court erred in reviewing his fee application under 11 U.S.C. § 330 rather than § 328. The district court affirmed the bankruptcy court’s ruling, and Peele appealed that order to this court.
The bankruptcy court’s conclusions of law are reviewed de novo. See In the Matter of Pro-Snax Distributors, Inc., 157 F.3d 414, 421 (5th Cir.1998).
Peele argues that the hourly rate for work performed after September 8,1995 is not subject to the lodestar formula of § 330(a). Section 328(a) provides for retainer, hourly or contingent fee compensation, and Peele contends that the modifying Order established that he would be compensated in part on a contingent fee basis and in part on an hourly fee basis. Consequently, the bankruptcy court could not shift his compensation to the lodestar formula of § 330. We agree.[1] The modifying Order establishes a combination of contingent fee and hourly fee compensation pursuant to § 328(a).
We have interpreted § 328 to limit the power of the bankruptcy court to alter the compensation of professionals: “[t]he court must therefore set the compensation award either according to § 328 or § 330. If prior approval is given to a certain compensation, § 328 controls and the court starts with that approved compensation, modifying it only for developments unforeseen when originally approved.” In the Matter of National Gypsum Co. v. Donaldson Lufkin & Jenrette Securities Corp., 123 F.3d 861, 862-63 (5th Cir.1997); see also United States v. Ruff, 99 F.3d 1559, 1567 (11th Cir.1996)(holding that commission of business broker was fixed under § 328 where agreement was approved by court and underlying service had been completed). Section 328 applies when the bankruptcy court approves a particular rate or means of payment, and § 330 applies when the court does not do so. See Unsecured Creditors’ Comm. v. Puget Sound Plywood, 924 F.2d 955, 960 (9th Cir.1991). Once the bankruptcy court has approved a rate or means of payment, such as a contingent fee, the court cannot on the submission of the final fee application instead approve a “reasonable” fee under § 330(a), unless the bankruptcy court finds *446 that the original arrangement was improvident due to unanticipated circumstances as required by § 328(a). See National Gypsum, 128 F.3d at 862; In re Reimers, 972 F.2d 1127, 1128 (9th Cir.1992).
In this case, the court approved a contingent fee arrangement in the original Employment Order and in the modifying Order of October 20, 1995 approved the contingent fee basis for work performed prior to September 8, 1995 and an hourly rate for work performed thereafter. The modifying Order establishes a mode of compensation governed by § 328, and the bankruptcy court could not alter that compensation on Peele’s submission of the final fee application without making a finding that the modifying Order was improvident due to unanticipated circumstances. Since the bankruptcy court made no such finding, the court could not shift any part of Peele’s compensation to the lodestar formula of § 330(a)(1).
We REVERSE and REMAND with instructions that the bankruptcy court redetermine Peele’s fees in accordance with § 328 rather than the lodestar formula of § 330(a)(1). On remand, the court should apply the contingent fee at the rate originally agreed to, the blended rate described in the modifying Order, and the hourly rate specified in the modifying Order, which is that in effect at Hill & Held on September 8,1995.
REVERSED and REMANDED.

. The dissent of our able colleague emphasizes the court’s stated intention in the introductory paragraph of the Order to adopt Hill & Held's recommendation that included a "lodestar approach” for future work. The court’s Order, however, specified an hourly rate in providing that "as to all new work commenced after September 8th, Hill & Held shall submit its fee applications based upon hourly rates in effect as of September 8, 1995.” The suggestion of counsel notwithstanding, the bankruptcy court ordered the specific hourly rate in effect as of September 8, 1995, and the court specified that the Order was entered under § 328.