United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21183

Summary Calendar

_____

In the Matter Of: ROBERT CHARLES GRAVES; BARBARA JAY GRAVES

Debtors

_____

JAMES P ENTREKIN

Appellant

v.

ROBERT CHARLES GRAVES; BARBARA JAY GRAVES

Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
No. H-02-CV-1017

_____

Before KING, Chief Judge, and JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

This appeal concerns two contract-based claims arising out

of a Chapter 13 bankruptcy proceeding.  Debtors-Appellees Robert

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

and Barbara Graves ("the Graves") filed an adversary action against Appellant James P. Entrekin in bankruptcy court, seeking: (1) specific performance of a contract for deed involving land located at 7808 Carolyn Lane in Santa Fe, Texas ("Carolyn Lane property"); and (2) breach-of-contract damages stemming from a contract for deed involving land located at 3705 Cark Street in Santa Fe ("Cark Street property"). The bankruptcy court granted judgment for the Graves on both claims. The district court subsequently affirmed this final judgment.

Entrekin now appeals, contending that the bankruptcy court erred in: (1) admitting a duplicate of the original contract for deed to the Carolyn Lane property into evidence; and (2) finding that the Graves were not in default on the Cark Street property and that, even if the Graves were in default, Entrekin did not give proper notice of default.

Without citing to legal authority, Entrekin argues that the applicable standard of review in this case is <u>de novo</u>. This is incorrect. This court has stated that a bankruptcy court's evidentiary rulings are reviewed for abuse of discretion, <u>e.g.</u>, <u>Hitt v. Connell</u>, 301 F.3d 240, 249 (5th Cir. 2002), and its specific factual findings are reviewed for clear error, <u>e.g.</u>, <u>In re Barron</u>, 325 F.3d 690, 692 (5th Cir. 2003).

Under the appropriate standards of review, there is no reversible error in this case. As to the first issue, Entrekin essentially makes the same argument on appeal that he made before

the district court, contending that he raised a genuine issue as to the authenticity of the original contract for deed to the Carolyn Lane property. In its November 29, 2002 order, the district court granted Entrekin's motion to supplement the record, thereby permitting the court to consider the transcript of the proceedings before the bankruptcy court.[1] However, even after supplementing the record with this transcript, the district court found that Entrekin failed to present or identify record evidence to support his contention. We agree with this assessment and conclude that it was not error for the bankruptcy court to admit a duplicate of the original contract for deed.

Regarding the second claim, the designated record supports the bankruptcy court's factual findings that the Graves were not in default on the Cark Street property and that Entrekin failed to notify the Graves of default. The record suggests that the Graves had fully complied with Entrekin's demands. Yet, even assuming arguendo, that the Graves had failed to pay property taxes on the Cark Street property in a timely manner, Entrekin has not demonstrated that, under Texas law, this failure constituted a breach of contract (as opposed to mere default).

---

[1] On August 19, 2002, the district court affirmed the final judgment entered by the bankruptcy court, basing its analysis on the designated record filed by the parties, which did not include a transcript of the evidentiary hearing held in the bankruptcy court. Entrekin then moved to supplement the record. While the district court eventually granted Entrekin's motion to supplement, the district court reaffirmed its earlier judgment and dismissed the appeal.

See TEX. PROP. CODE ANN. § 5.061 (Vernon 2002). Moreover, there is ample evidence in the record indicating that Entrekin did not properly fulfill his statutory obligation to provide the Graves with notice of default and his intention to rescind the contracts for deed. Id. §§ 5.063(b)(1)-(3), 5.064. Hence, the bankruptcy court did not clearly err in making these factual findings.

Given the arguments presented on appeal, it is clear that the district court did not err in affirming the bankruptcy court's grant of judgment for the Graves. The judgment of the district court is

AFFIRMED.