United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-20583
Summary Calender
_____

In the Matter Of:

ORIN SNOOK, ANGELA SNOOK,

Debtors.

_____

ORIN SNOOK,

Appellant,

versus

JAN V. POPIEL, INCORPORATED,

Appellee.

_____

Appeal from the Unites States District Court
for the Southern District of Texas
(4:04-CV-651)

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this bankruptcy action, debtor Orin Snook appeals the findings of the bankruptcy court and

the district court that a particular debt was not dischargeable in bankruptcy. We affirm.

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

## I. FACTS AND PROCEEDINGS

Snook and Jan V. Popiel, Inc. ("Popiel") entered into a construction contract in which Popiel agreed to work on Snook's residence. Complications ensued and the two parties sought relief in Texas state courts. At the conclusion of the trial, the jury found in favor of Popiel and awarded damages as follows: $1731 for fraud; $8631.50 for breach of contract; and $4852.37 for *quantum meruit*. The jury charge set out a separate question for each type of damage alleged and an additional question on attorney fees, without apportionment by claim. None of the individual damages inquiries included an award for attorney fees. In response to the separate attorney fees question, the jury determined that "the reasonable fee for the necessary services of Popiel, Inc.'s attorneys" amounted to $108,000.[1] Snook did not appeal the judgment.

Subsequently, Orin and Angela Snook filed for bankruptcy protection under chapter 7. Popiel initiated an adversary proceeding as a creditor to except portions of Snook's debt from discharge under 11 U.S.C. § 523. The bankruptcy court determined that the $1731 award for fraud and the $108,000 award for attorney fees were both non-dischargeable debts.[2] On the limited question of whether the attorney fees were dischargeable, Snook appealed the bankruptcy court's order to the district court. The district court dismissed the appeal with prejudice; Snook now appeals to this court. On appeal, Snook advances the same argument that both the bankruptcy court and the district court rejected.

## II. STANDARD OF REVIEW

---

[1]The court also awarded post-judgment interest of ten percent on all monetary awards.

[2]The bankruptcy court determined that the awards for breach of contract and *quantum meruit* were dischargeable.

This court reviews the district court's dismissal of an appeal from the bankruptcy court under the same standards the district court applies to the bankruptcy court. *I.G. Petroleum, L.L.C., v. Fenasci (In re West Delta Oil Co.)*, 432 F.3d 347, 354 (5th Cir. 2005). Findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. *Id.* (citing *Daniels v. Barron (In re Barron)*, 325 F.3d 690, 692 (5th Cir. 2003)).

## III. DISCUSSION

A chapter 7 bankruptcy proceeding "does not discharge an individual debtor from any debt . . . for money, property, services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). The Supreme Court has read this provision as exempting from discharge all debts arising out of the underlying fraud. *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998) ("Once it is established that specific money or property has been obtained by fraud, however, 'any debt' arising therefrom is excepted from discharge."). *See also Archer v. Warner*, 538 U.S. 314, 321 (2003) ("The dischargeability provision applies to all debts that 'aris[e] out of' fraud.") (quoting *Brown v. Felsen*, 442 U.S. 127, 138 (1979)). This circuit has articulated the reach of § 523: "[T]he status of ancillary obligations such as attorney's fees and interest depends on that of the primary debt. When the primary debt is nondischargeable . . . , the attorney's fees and interest accompanying compensatory damages, including post-judgment interest, are likewise nondischargeable." *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1208 (5th Cir. 1996). Under this regimen, if the attorney fees arose from Snook's fraud, then that debt, like the fraud debt, is not dischargeable.

Snook concedes that his debt from the state court's award of fraud damages is not dischargeable; nevertheless, he asks the court to discharge the award of attorney fees attendant to the

state court judgment. Snook contends (1) that the jury award specifically excluded attorney fees from the fraud award, and (2) that, under Texas law, attorney fees are not recoverable for fraud claims. As a result, Snook's theory continues, the attorney fees are not traceable to the fraud-based debt, and, therefore, not exempted from discharge under 11 U.S.C. § 523. We disagree and hold they are exempt from discharge.

Snook's argument has two aspects. The first aspect of Snook's argument is that the attorney fees were not traceable to the fraud award because of Popiel's statements and the form of the jury charge. In Snook's view, Popiel admitted the attorney fees were not traceable when Popiel argued to the bankruptcy court that "[t]he attorney's fees that Popiel seeks to recover were awarded as attorney's fees, separate and distinct from the fraud damages." In context, it is clear that Popiel was simply describing the form of the jury charge and the manner in which the different awards were presented. The statement, viewed in context, is no admission that the award of attorney fees was limited to the breach of contract and *quantum meruit* claims. Indeed, Popiel was arguing quite the opposite in the brief Snook quotes.

With respect to the jury charge, none of the damages inquiries included attorney fees in the calculation, and, as such, the fact that the fraud damages question asked for the jury's damages assessment "excluding reasonable attorneys fees, if any" is of no import.[3] What is important, and not discussed by Snook is that the jury charge question on attorney fees lacked any limitation. Rather,

---

[3]The damages calculation for breach of contract was limited to the difference between the amount to be paid under the contract and the amount Popiel was actually paid. For the *quantum meruit* award, the calculation was limited to the reasonable value of the work performed, but not otherwise paid. Unlike the fraud damages question, which asked for damages proximately caused by the fraud, attorney fees were beyond the scope of these questions. Accordingly, while neither inquiry expressly excludes attorney fees, such an exclusion was unnecessary because neither admit to the inclusion of attorney fees.

the jury was simply asked, "What is the reasonable fee for the necessary services of Popiel, Inc.'s attorneys in this case, in dollars and cents?" Reading the jury charge as a whole, it is clear that the jury itemized the damages awards by claim and, separately, reached an award of attorney fees for the case as a whole.

The second aspect of Snook's argument is that the attorney fees could not be traceable to the fraud finding because, as a matter of Texas law, attorney fees are not recoverable for fraud actions in the absence of punitive damages. Whether Texas allows attorney fees for pure fraud claims, a question we do not reach here, is irrelevant for these purposes. In Texas, where two or more claims are advanced and only some of the claims entitle a litigant to attorney fees, Texas courts have awarded fees for all claims that are too intertwined to differentiate effectively those that allow fees and those that do not:

> When one or more causes of action for which attorney fees are not permitted by statute or contract are alleged in a petition and are investigated and pursued at trial, it is incumbent upon the party asserting those causes of action to segregate them from those for which attorney fees can be recovered. A recognized exception to this duty to segregate arises when the attorney fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their "prosecution or defense entails proof or denial of essentially the same facts." When the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are "intertwined to the point of being inseparable," the party suing for attorney fees may recover the entire amount covering all claims.

*Sauceda v. Kerlin*, 164 S.W.3d 892, 923 (Tex. App. 2005) (involving claims of breach of contract, breach of fiduciary duty, fraud, and conspiracy to commit fraud and breach of fiduciary duty) (internal citations omitted) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991)). Many Texas cases support this proposition. *See, e.g., Ski River Dev., Inc. v. McCalla*, 167 S.W.3d

121, 143 (Tex. App. 2005) (holding that, where the claims are intertwined "the party suing for attorney's fees may recover the entire amount covering all claims"); *Willis v. Donnelly*, 118 S.W.3d 10, 46 (Tex. App. 2003) ("In other words, segregation of attorney's fees is not required where the services rendered relate to (1) multiple claims arising out of the same facts or transaction and (2) the prosecution or defense entails proof or denial of essentially the same facts, so as to render the attorney's fees inseparable."); *Natural Gas Clearinghouse v. Midgard Energy Co.*, 113 S.W.3d 400, 417 (Tex. App. 2003) (noting that where claims are intertwined "the entire amount covering all claims may be awarded.").

The form of the jury charge makes it clear that, in keeping with the above referenced cases, the attorney fees were not segregated by claim before the trial court. Rather, the attorney fees award was properly for the prosecution of all of Popiel's claims. Of those claims, each resulted in an award for Popiel and, subsequently, a debt for Snook. Snook's debt for the fraud award is exempt from discharge. Snook's debt for the attorney fees award, as discussed above, arises out of the fraud-based debt. Accordingly, Snook's debt for the attorney fees award is also exempt from discharge.

## IV. CONCLUSION

Finding no error, we AFFIRM.