IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-10064

In the Matter Of: MIRANT CORPORATION

                                              Debtor

---------------------------------------------------

FRANK SMITH; KENT KOERPER; BART ENGRAM; MARY LEIGHT; and
L. MATT WILSON

                                      Appellants-Cross-Appellees

v.

MIRANT CORPORATION

                                      Appellee-Cross-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:07-cv-00163

Before HIGGINBOTHAM, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

   Appellants/Cross-Appellees appeal the district court's affirmance of the

bankruptcy court's order awarding $15,000 in attorneys' fees and expenses to the

Wilson Law Firm, P.C. (the "Wilson Firm") under § 503(b)(4) of the Bankruptcy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Code. Appellants contend that the bankruptcy court erred in determining the amount of fees awarded to the Wilson Firm. Appellee/Cross-Appellant Mirant Corporation asserts that the Wilson Firm was not entitled to recover any fees as a matter of law under §503(b)(4). We affirm the holdings of the district court and bankruptcy court.

I.

Appellee Mirant Corporation ("Mirant") and certain of its subsidiaries filed for relief under chapter 11 of the Bankruptcy Code. Appellants are Frank Smith, Kent Koerper, Bart Engram, Mary Leight, and L. Matt Wilson ("Wilson"), each a common shareholder of Mirant during the corporation's bankruptcy proceedings. Mirant's reorganization plans, which were filed in early 2005, stated that its value was substantially less than its outstanding debt, which would leave existing shareholders with no monetary recovery. To determine Mirant's value, the bankruptcy court scheduled a valuation hearing. Appellants hired Wilson in his capacity as an attorney with the Wilson Firm to represent all shareholders at the valuation hearing and later proceedings in seeking a higher recovery for existing Mirant shareholders. Appellants' fee agreement with Wilson provided that Appellants would be responsible to him only for a 1% contingency on profits attributable to the representation that they actually realized in connection with the sale of their Mirant stock. The fee agreement also provided for an hourly fee, but stated that the Wilson Firm did "not expect any individual client to be responsible for the payment of our hourly fees" and "anticipate[d] applying to the Bankruptcy Court for approval of and payment of these fees as an expense of the Estate."

After the original valuation hearing, the bankruptcy court ordered that a committee be formed to recalculate Mirant's value. While the revaluation was pending, a new reorganization plan was offered that gave existing shareholders a more favorable recovery. In response to this more favorable reorganization

plan, the bankruptcy court suspended the revaluation committee. The bankruptcy court then entered its confirmation order effecting Mirant's emergence from chapter 11 bankruptcy on January 3, 2006. Appellants filed a fee application under § 503(b)(4) of the Bankruptcy Code, seeking payment of fees and expenses totaling $645,146.64.

The bankruptcy court concluded that § 503(b)(4) allowed the Wilson Firm to apply directly for payment by the estate even though Appellants had not paid any of Wilson's fees. In re Mirant, 354 B.R. 113, 140 (Bankr. N.D. Tex. 2006). The bankruptcy court then found that the Wilson Firm had made a substantial contribution, but also concluded that the firm "overestimate[d] the magnitude of the contribution made" and that the contribution "ha[d] not been entirely positive." Thus, the bankruptcy court awarded Wilson partial payment in the amount of $15,000. The bankruptcy court denied Appellants' motion to reconsider. Appellants appealed the bankruptcy court's ruling on the fee amount awarded to the Wilson Firm to the district court, and Mirant cross-appealed, asserting that the bankruptcy court erred in awarding the Wilson Firm any fees. The district court affirmed the opinion of the bankruptcy court in all respects and denied a motion by the Wilson Firm for rehearing. The instant appeal followed.

II.

This court reviews a bankruptcy court's determination of attorney's fees for abuse of discretion. In re Barron, 325 F.3d 690, 692 (5th Cir. 2003). This "abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Id. (citation omitted). Consistent with this review, findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. Id.

III.

In its cross-appeal, Mirant asserts that the bankruptcy court erred, as a matter of law, in authorizing Wilson to recover any fees when Appellants were not obligated to pay such fees. Section 503(b)(4) of the Bankruptcy Code, governing the payment of professional fees out of the bankruptcy estate, provides for:

> reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C.A. § 503(b)(4). Mirant argues that this section, when read in conjunction with § 503(b)(3)(D),[1] regarding the payment of administrative expenses out of the bankruptcy estate, provides only for reimbursement of attorney's fees actually "incurred" by the entity employing the attorney, and thus Appellants' fee agreement—under which no fees were due to the Wilson Firm[2]—prevents the firm from recovering fees from the estate.

---

[1] Section 503(b)(3)(D) provides that an expense shall be allowed for:

> the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by . . . a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders . . . in making a substantial contribution in a case under chapter 9 or 11 of this title.

11 U.S.C.A. § 503(b)(3)(D)(emphasis added).

[2] The clients of the Wilson Firm were not obligated to pay any fees to the firm under the terms of the agreement because (1) the Wilson Firm did "not expect any individual client to be responsible for the payment of our hourly fees" and (2) the contingency fee agreement was dependent upon the clients sale of the stock, which had not occurred at the time the fee application was filed.

Although Mirant asserts that the attorney's fees recoverable under § 503(b)(4) must have been "incurred by" the creditor/client, the wording of the statute does not support such an interpretation. See In re W. Asbestos Co., 318 B.R. 527, 530 (Bankr. N.D. Cal. 2004) ("Section 503(b)(4) does not require that the attorneys' fees and expenses that form the basis for the administrative claim be incurred by the creditor. It simply requires that the attorney whose fees and expenses form the basis for the administrative claim represent the creditor who made a substantial contribution."). Section 503(b)(4) requires only that the "attorney or [] accountant" whose fees are being reimbursed must have represented "an entity whose expense is allowable under paragraph (3)." 11 U.S.C.A. § 503(b)(4). An entity whose expenses are allowable under paragraph (3) is defined as a "creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders" who made a substantial contribution to the bankruptcy proceedings. 11 U.S.C.A. § 503(b)(3). The fact that other administrative expenses compensable under paragraph (3), a category which specifically excludes attorneys' fees compensable under paragraph (4), must have been "incurred by" the creditor does not warrant the same result with regard to paragraph (4). Because the Wilson Firm represented a party specified under the statute and the bankruptcy judge determined that the firm made a "substantial contribution" to the bankruptcy proceeding, the bankruptcy judge correctly awarded fees under § 503(b)(4).[3]

IV.

In their direct appeal, Appellants contend that the bankruptcy court erred in determining the amount of fees awarded to the Wilson Firm under §503(b)(4).

---

[3] Even if the statute required that attorneys fees be "incurred" in order to be compensable, it is not entirely clear here that there is no obligation to pay fees to the Wilson Firm. The parties appear to agree that the clients of the Wilson Firm have incurred an obligation to pay the contingency fee portion of the fees at the time of the sale of their Mirant stock.

The bankruptcy court found that the Wilson Firm had substantially contributed to the bankruptcy case, but reduced the award to $15,000 from Wilson's request of $645,146.64. The court also refused to enhance Appellants' fee award on the basis of the contingency fee agreement. Appellants claims that the bankruptcy court failed to follow the procedures this court set out for determining fee awards in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir.1974).

This Court has stated that "the bankruptcy court is one of equity and thus has broad equitable—and hence discretionary—powers to award attorney's fees." In re Anderson, 936 F .2d 199, 204 (5th Cir. 1991); see also In re Lawler, 807 F.2d 1207, 1211 (5th Cir. 1987) ("The bankruptcy court is more familiar with the actual services performed and 'has a far better means of knowing what is just and reasonable than an appellate court can have.'" (citation omitted)). In determining "reasonable compensation," § 503(b)(4) directs the court to consider "the time, the nature, the extent, and the value of such services, and the cost of comparable services . . . ." 11 U.S.C. § 503(b)(4).

The bankruptcy court found that Wilson's contributions were not entirely positive and were duplicative of efforts made by other parties in the proceeding. Given the broad discretion of the bankruptcy court to determine the fee award, we do not find that the court abused its discretion in reducing the award given to the Wilson Firm. Furthermore, because there were no outstanding circumstances presented that warranted a fee enhancement, the bankruptcy court's refusal to approve the bonus fee application was not an abuse of discretion.

V.

For the foregoing reasons, the judgment of the district court, confirming that of the bankruptcy court, is AFFIRMED.