**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 09a0696n.06**

**No. 08-5633**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
OCT 22, 2009
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| In re: FASHION SHOP OF KENTUCY, INC.,<br>    *Debtor.* | ) | |
| | ) | |
| THE CADLE COMPANY II, INC., | ) | |
| | ) | **ON APPEAL FROM THE** |
| *Appellant,* | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE WESTERN** |
| v. | ) | **DISTRICT OF KENTUCKY** |
| | ) | |
| FASHION SHOP OF KENTUCKY, INC.;<br>RETAIL CONSULTING SERVICES, INC., | | **OPINION** |
| | | |
| *Appellees.* | | |

---

**BEFORE: MARTIN, COLE, and KETHLEDGE, Circuit Judges.**

**COLE, Circuit Judge.** Appellant, The Cadle Company II, Inc., appeals a decision by the district court affirming two orders by the bankruptcy court. The bankruptcy court awarded fees to Retail Consulting Services for services provided to Appellee, Fashion Shop of Kentucky, Inc., during Appellee's Chapter 11 bankruptcy proceeding. The Cadle Company II, Inc., challenged the fees as not meeting the requirements of § 330 of the Bankruptcy Code. The bankruptcy court ruled that it had pre-approved the fees under § 328 of the Code, eliminating the need for review under § 330. The district court affirmed. On appeal to this court, The Cadle Company II, Inc. claims that the bankruptcy court did not pre-approve the fees under § 328, and that the fees are unreasonable under § 330. For the following reasons, we **AFFIRM** the decision of the district court affirming the orders of the bankruptcy court.

## I. BACKGROUND

On July 10, 2006, Fashion Shop of Kentucky, Inc. ("Fashion Shop") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky. On August 16, 2006, Fashion Shop sought the court's permission, pursuant to "sections 327(a) and 105(a)" of the Bankruptcy Code, to employ Retail Consulting Services, Inc. ("RCS") as a financial advisor for the Chapter 11 proceedings, and to pay RCS $10,000 per month, which Fashion Shop asserted was a reasonable and appropriate fee for the services to be performed. The following day, the court clerk issued a notice giving all creditors several weeks to object to Fashion Shop's application. No objections were made. Accordingly, on September 11, 2006, the court entered an order granting the application. The order stated that "the Application is granted in its entirety;" that "the Debtor is hereby authorized, pursuant to Sections 105(a) and 327(a) of the Bankruptcy Code, to retain, upon the terms and for the purposes set forth in the Application, RCS as financial advisors;" and that compensation of RCS "(i) shall be pursuant to applications to be submitted to and approved by this Court from time to time . . . and (ii) paid in such amounts as may be allowed by this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and Orders of this Court[.]"

On December 26, 2006, Fashion Shop submitted an application to pay RCS approximately $55,000 for its work through that month. The application noted that "11 U.S.C. § 330 requires notice and a hearing prior to an award of compensation or reimbursement of expenses" and requested that the court give appropriate notice and grant the application if no objection or request for hearing was filed. Following the court's notice, The Cadle Company II, Inc. ("Cadle") filed an objection,

2

claiming that Fashion Shop's application did not include time entries describing the services performed nor an explanation of how the services benefitted the estate, as required by § 330 of the Bankruptcy Code.[1] On March 14, 2007, following a hearing, the bankruptcy court granted Fashion Shop's fee application, stating that the August 16, 2006 application and the court's order granting it "were not sought or approved under 11 U.S.C. § 330" and were, therefore, "not subject to the detailed analysis required" under that section. The court found the August 16 application instead had been granted under § 328, which provides that the court may approve employment of a professional under § 327 on "any reasonable terms and conditions of employment." 11 U.S.C. § 328. The court also found that "[t]he testimony at the hearing fully supported the reasonableness of the terms of RCS'[s] employment and its current fee application."

On June 8, 2007, Fashion Shop applied to the bankruptcy court for permission to pay RCS $50,000 for its services from January through May. Cadle again objected and the court again overruled the objection and granted the fees. On November 27, 2007, the Chapter 11 case was dismissed on Fashion Shop's motion. Cadle subsequently filed an appeal with the United States District Court for the Western District of Kentucky challenging the two bankruptcy court orders granting RCS's fees. The district court affirmed the bankruptcy court, finding no abuse of discretion, and Cadle filed an appeal with this court. We have jurisdiction to hear an appeal of the final decision of a district court under 28 U.S.C. § 158(d).

---

[1] Cadle previously had entered its appearance in the bankruptcy proceedings as the transferee of a claim formerly held by National City Bank of Kentucky. National City Bank, like all of Fashion Shop's creditors, had been on notice of Fashion Shop's initial application to employ RCS and had not objected to it.

## II. STANDARD OF REVIEW

We review the orders of the bankruptcy court, not the opinion of the district court. *In re M.J. Waterman & Assocs.*, 227 F.3d 604, 607 (6th Cir. 2000). In general, our review of the bankruptcy court's compensation orders is limited to abuse of discretion. *In re Airspect Air, Inc.*, 385 F.3d 915, 920 (6th Cir. 2004) (citing *In re Federated Dep't Stores, Inc.*, 44 F.3d 1310, 1315 (6th Cir. 1995)). "An abuse of discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Id.* The Court's determination of whether the bankruptcy court initially approved RCS's fees under § 328 is a question of law, *id.*, which is subject to de novo review, *M.J. Waterman*, 227 F.3d at 607.

## III. DISCUSSION

Section 327 of the Bankruptcy Code authorizes the trustee, with the court's approval, to employ professionals "to represent or assist the trustee in carrying out the trustee's duties" under the Bankruptcy Code. 11 U.S.C. § 327(a). Section 328 permits a trustee, again with the court's approval, to employ a professional under § 327 "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." *Id.* § 328(a); *see also* 3 Collier on Bankruptcy ¶ 328.01 (16th ed. 2009) ("Bankruptcy Code section 328 . . . sets forth certain limitations on the compensation allowable to professional persons employed under sections 327 and 1103 of the Code."). Even if the court "pre-approves" a professional's compensation pursuant to § 328, it ultimately may approve compensation different from that provided for "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time." *Id.* Absent pre-approval under

4

§ 328, the court may award "reasonable compensation" under § 330 for "actual, necessary services" rendered by professionals employed pursuant to § 327 "based on the nature, the extent, and the value of such services." 11 U.S.C. § 330(a). In sum, "'[s]ection 328 applies when the bankruptcy court approves a particular rate or means of payment, and § 330 applies when the court does not do so.'" *Airspect*, 385 F.3d at 920 (quoting *In re Tex. Secs., Inc.*, 218 F.3d 443, 445 (5th Cir. 2000)). In determining whether or not a bankruptcy court has pre-approved a fee arrangement under § 328, we review "the totality of the circumstances, looking at both the application and the bankruptcy court's order," including "whether the debtor's motion for appointment specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order or the motion expressly invoked § 328." *Id.* at 922.

Here, while the court could have been more precise in its initial order, the totality of the circumstances indicates that it pre-approved RCS's fees. In its August 16, 2006 application, Fashion Shop requested permission to hire RCS at a fixed rate of $10,000 per month, which it averred was reasonable and appropriate. As the district court noted, no party challenged the request, despite having notice from the bankruptcy court and several weeks to file an objection. The lack of objection may explain the bankruptcy court's failure to state clearly the statutory grounds for its approval of the request. Nonetheless, its September 11, 2006 order stated that the application was granted "in its entirety" and authorized Fashion Shop to retain RCS "upon the terms . . . set forth in the Application." In other words, the court affirmatively approved the terms of RCS's compensation. That the court granted the application "in its entirety"—including Fashion Shop's opinion as to the appropriateness and reasonableness of the fee —indicates the court independently

assessed and accepted Fashion Shop's determination. While neither the application nor the order expressly invoked § 328, this omission does not preclude our finding that the bankruptcy court pre-approved RCS's fees. *See id.* at 921 ("Nowhere does the Bankruptcy Code mandate that the application specifically mention § 328 or that the court's approval order expressly and unambiguously state specific terms and conditions."). Nor does Fashion Shop's subsequent invocation of § 330 outweigh the other considerations that indicate pre-approval. Without the court's endorsement, there is nothing to suggest that the language Fashion Shop employed matched the court's intentions. To the contrary, the court clarified in its March 14, 2007 opinion that the application and order "were not sought or approved under 11 U.S.C. § 330."

The circumstances here differ from those addressed in *Airspect*, where we agreed with the bankruptcy court's determination that it had not pre-approved fees under § 328. The inclusion of the fee agreement in Airspect's initial application to the bankruptcy court was the only consideration weighing in favor of pre-approval. *Id.* at 922. However, while the court's order explicitly approved the payment of a $7000 retainer, there was no indication that it approved the contingency fee at issue. *Id.* Moreover, neither the order nor the application invoked § 328 or mentioned the reasonableness of the fee. *Id.* In sum, the totality of the circumstances in *Airspect* weighed against finding pre-approval. That is not the case here.

## IV. CONCLUSION

For the reasons above, we **AFFIRM** the decision of the district court affirming the bankruptcy court.