**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESHAWN MALONE, | No. 13-15712 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01758-MJS |
| v. | |
| F. GONZALEZ, Warden; THOMAS HEASLIP, Law Library Supervisor at CCI, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted February 18, 2014[***]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

California state prisoner Deshawn Malone appeals pro se from the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Malone consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Malone's access-to-courts claim because the constitutional right of "affirmative assistance" to access courts does not encompass the right to pursue a state court lawsuit challenging prison guards' alleged use of inappropriate language. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011) (discussing "affirmative assistance" and "interference" types of access-to-courts claims, and explaining that the constitutional right to affirmative assistance is limited to a direct appeal of a criminal conviction, a habeas petition, or a civil rights action to vindicate basic constitutional rights). Moreover, though inmates do have a constitutional right to access courts to pursue any non-frivolous lawsuit without "interference" from prison officials, Malone's allegation that defendants did not help him obtain the appropriate state court legal forms does not constitute interference with the pursuit of a lawsuit. *Id*. at 1102-04 (discussing requirements for an access-to-court claim premised on prison officials' alleged interference, as opposed to affirmative assistance, with any prisoner lawsuit).

We deem waived issues that Malone raises for the first time on appeal concerning "Judicial Form Books" that allegedly include relevant state court forms and are allegedly available at all state prison central libraries. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**