# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2021

Lyle W. Cayce
Clerk

No. 20-20358

IN THE MATTER OF: ALWIN GERALD MORGAN,

*Debtor*,

ALWIN GERALD MORGAN,

*Appellant*,

*versus*

REGIONS BANK,

*Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4139

Before KING, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

When Alwin Gerald Morgan filed his Chapter 11 bankruptcy petition, he claimed a family homestead exemption for a property in which he had

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20358

never lived. One of his creditors, Regions Bank, filed an objection to the homestead designation, and the bankruptcy court sustained the objection. The district court affirmed the bankruptcy court. For the reasons that follow, we AFFIRM.

## I.

Fifteen days after he filed for divorce from his former wife, Kimberly, Appellant Alwin Gerald Morgan entered into an earnest money contract to purchase 426 Warner Road, in Bellville, Texas ("Warner Road"). At that time, Kimberly refused to consent to the purchase, and as a consequence, the closing never finalized. Instead, Morgan began leasing Warner Road from the sellers and moved in there.

After his divorce from Kimberly was finalized, Morgan married Keyla Turro. Together, Morgan and Turro purchased a property at 604 Logans Lane, in Austin, Texas ("Logans Lane"). The closing took place on May 26, 2016, eleven days after Morgan and Turro's wedding. They signed the deed of trust as husband and wife.

Shortly after closing on Logans Lane, Morgan also closed on the purchase of Warner Road. The closing documents listed only Morgan, and not Turro, as the purchaser and, in the deed of trust, Morgan represented that he was unmarried. Not long after the closings, Morgan and Turro separated. During the separation, Turro lived at Logans Lane, while Morgan lived at Warner Road.

In 2019, Morgan filed his Chapter 11 bankruptcy petition, and he claimed a homestead exemption in Logans Lane. One of Morgan's nonpriority unsecured creditors, appellee Regions Bank, filed an objection to Morgan's designation of Logans Lane as his family homestead. The bankruptcy court sustained Region Bank's objection. It concluded that Logans Lane was not Morgan's primary residence, and that Morgan could

not claim Logans Lane as his homestead. The district court affirmed, and this appeal followed.

## II.

On appeal, we generally review the bankruptcy court's factual findings under the clearly erroneous standard. *In re Barron*, 325 F.3d 690, 692 (5th Cir. 2003). We overturn the bankruptcy court's factual findings only when "we are left with a 'firm and definite conviction' that the bankruptcy court committed a mistake." *In re Bradley,* 960 F.2d 502, 507 (5th Cir. 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (alteration in original)). But, unlike factual findings, we review the legal conclusions of the bankruptcy court de novo. *In re Argo Fin., Inc.*, 337 F.3d 516, 522 (5th Cir. 2003).

## III.

Morgan asks us to reverse the conclusion that he failed to prove that Logans Lane was his family's homestead when he filed his voluntary petition for Chapter 11 bankruptcy.

Given that the determination of whether a property is a homestead is a question of fact, *Zorrilla v. Aypco Constr. II, L.L.C.*, 469 S.W.3d 143, 160 (Tex. 2015), our review of the bankruptcy court's findings is highly deferential. *See In re Bradley,* 960 F.2d at 507.

Under Texas law, an individual who seeks homestead protection has the initial burden to establish the homestead character of his property. *Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex. 1972). To meet this initial burden of establishing a family homestead, the claimant must show "(1) overt acts of homestead usage and (2) the intention to claim the property as a homestead." *Zorrilla*, 469 S.W.3d at 159.

In this case, we must decide whether we hold a "firm and definite

conviction" that the bankruptcy court made a mistake when it found that Morgan, the head of the household,[1] did not undertake the requisite acts and failed to display the requisite intention to establish his family's homestead at Logans Lane. *See Riley*, 475 S.W.2d at 569.

As the courts below found, Morgan's time spent at Logans Lane has been fleeting at best. Although Morgan moved some furniture and clothing into Logans Lane, the lower courts correctly noted that he could not clearly indicate whether this happened before or after he closed on Warner Road. It is certainly true that Logans Lane was purchased after Morgan and Turro were married, and that the property was in both Morgan and Turro's name. But, under Texas law, mere ownership of a residential property does not establish a homestead. *Dominguez v. Castaneda*, 163 S.W.3d 318, 331 (Tex. App.—El Paso 2005, no pet.) ("It must always be remembered that mere ownership alone is insufficient to constitute premises of a homestead.").

The bankruptcy court also relied on the fact that, shortly after the purchase of Logans Lane, Morgan and Turro separated. During this time Morgan stayed, primarily, at Warner Road, and Turro lived in Logans Lane, In fact, Morgan and Turro do not currently cohabitate and never have cohabitated for more than a few days. For tax years 2017, 2018, and 2019, Morgan claimed Warner Road as his homestead for property-tax purposes. And, in his bankruptcy petition, Morgan listed Warner Road as his residence;[2] he stated that he had not lived anywhere else during the previous

---

[1] Turro's intent to have Logans Lane designated as the family homestead would be insufficient to designate it as such, given that she is not the head of the household. *See Riley*, 475 S.W.2d at 569. Indeed, Morgan was the head of the household, as he supported her. *See Roco v. Green*, 50 Tex. 483, 490 (1878).

[2] Morgan and Turro signed a Non-Homestead Affidavit and filed it before the bankruptcy court, renouncing and disclaiming any homestead rights to Warner Road.

No. 20-20358

three years.

Despite the fact that Morgan kept some of his belongings at Logans Lane, visited on weekends, and conducted some business there, such infrequent activity was insufficient to convert Logans Lane into a homestead. *See Hillard v. Home Builders Supply Co.*, 399 S.W.2d 198, 201 (Tex. Civ. App.—Fort Worth 1966, writ ref'd n.r.e.)("The mere fact that they may have actually resided in the house over weekends or at other times of longer duration standing alone does not convert it to a homestead."). As the lower courts concluded, Morgan's announced intentions of reconciling with Turro and eventually undertaking the requisite acts to impart upon Logans Lane a homestead character are insufficient. *See In re Claflin*, 761 F.2d 1088, 1091 (5th Cir. 1985) (applying Texas law).

Plainly put, the district court affirmed the bankruptcy court's factual finding that Morgan failed to show any intent, supported by overt acts, to make Logans Lane the family homestead.[3] On this record, we are not "left with a 'firm and definite conviction' that the bankruptcy court committed a mistake." *In re Bradley,* 960 F.2d at 507 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (alteration in original)).Thus, we find no occasion to overturn the district court.

## IV.

For the reasons detailed above, we AFFIRM.

---

[3] Morgan also asks us to address whether the district court erred in affirming the bankruptcy court's finding that § 522(p)(1) of the Bankruptcy Code limits the amount of Morgan's homestead exemption and that he was not entitled to the § 522(p)(2)(B) exception. Because we agree with the courts below that Morgan failed to establish a homestead in Logans Lane, we do not reach this issue.