United States Court of Appeals,

Fifth Circuit.

No. 96-10357.

In the Matter of NATIONAL GYPSUM COMPANY, Debtor.

DONALDSON LUFKIN & JENRETTE SECURITIES CORPORATION, Appellant,

v.

NATIONAL GYPSUM COMPANY, Appellee.

Oct. 8, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

REAVLEY, Circuit Judge:

Donaldson Lufkin and Jenrette Securities Corp. (DLJ), retained by National Gypsum Company in its Chapter 11 bankruptcy reorganization, appeals the district court's affirmance of the bankruptcy court's fee order reducing the final DLJ fee from $2,400,000 to $2,000,000. Because we read the bankruptcy court's initial order to approve an agreed fee for DLJ, the court was required to follow § 328 instead of § 330 of the Bankruptcy Code. (11 U.S.C.) The fee order is reversed.

*Background*

National Gypsum Company as the debtor-in-possession recorded its agreement with DLJ for professional services in a detailed letter dated April 16, 1991. The agreed compensation to DLJ was to be $125,000 per month. Application was made to the bankruptcy court for approval of this retention agreement, and the court's order of June 20, 1991 granted that approval "upon the terms and

conditions of that certain engagement letter dated April 16, 1991."
The order ended with these words:  "The Court retains the right to
consider and approve the reasonableness and amount of DLJ's fees on
both an interim and final basis."

Three subsequent orders were entered by the bankruptcy court
during the 23 months of the Chapter 11 reorganization, all
approving extension of the retention agreement under the terms and
conditions set forth in the original order of June 20, 1991.  In
three applications for interim payments by DLJ, it set forth the
full $125,000 per month obligation.  When the final application was
made on June 7, 1993, DLJ claimed, by virtue of the agreed monthly
fee, $2,825,000 beyond the amount of the previous interim payments.
National Gypsum Company raised objections to that amount, and all
parties then agreed to a balance owing DLJ of $2,400,000.  However,
after a hearing, the bankruptcy court reduced the amount allowed to
$2,000,000 as its judgment of reasonable compensation in the light
of hourly compensation that had been allowed in similar bankruptcy
cases in the same district.  The district court affirmed the
bankruptcy court's order on the ground that the latter did not
abuse its discretion in analyzing the reasonableness of the fees
under § 330.  The district court ruled that § 328 was inapplicable
because the order of the bankruptcy court was conditioned upon
final approval by that court of the reasonableness of the
compensation.

*Discussion*

Prior to 1978 the most able professionals were often unwilling

2

to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.[1]  That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.  Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).  Thereafter, that approved compensation may be changed only for the following reason:  "Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

The court must therefore set the compensation award either according to § 328 or § 330.  If prior approval is given to a certain compensation, § 328 controls and the court starts with that approved compensation, modifying it only for developments unforeseen when originally approved.  If the most competent professionals are to be available for complicated capital

---

[1]See *In re Benassi,* 72 B.R. 44, 47 (Bankr.D.Minn.1987) citing H.R.Rep. No. 595, 95th Cong. 1st Sess. 330 (1977), reprinted in 1978 U.S.Code Cong. & Admin.  News 5963, 6286; *In re Confections by Sandra,* 83 B.R. 729, 732 (9th Cir. BAP 1987);  Lief M. Clark, *Paying the Piper:  Rethinking Professional Compensation in Bankruptcy,* 1 Am. Bankr.Inst. L.Rev. 231, 232 (1993).

3

restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment. Courts must protect those agreements and expectations, once found to be acceptable.

*Decision*

In June of 1991 the bankruptcy court could have refused to approve the compensation to which National Gypsum Company and DLJ had agreed. The court could have approved the retention of DLJ and, if DLJ would accede, left the award of compensation to be set by the court according to § 330. The court did not do this. It expressly approved the terms of the agreement. The reasonableness of those terms, in the event of anticipated circumstances and performance, was decided.[2] By retaining "the right to consider and approve the reasonableness and amount of DLJ's fees on both an interim and final basis," the court merely recited its control of the compensation in the event of subsequent and unanticipated circumstances affecting the reasonableness of that agreed fee.

While we do not reach the question, we assume the award of the bankruptcy court would have been within its discretion when the agreed compensation was disregarded.

---

[2]*In re Reimers,* 972 F.2d 1127 (9th Cir.1992)(holding that the bankruptcy court erroneously applied the law by altering the terms of payment without finding those terms to have been "improvident" in light of unforeseeable developments); *In re Dividend Development Corp.,* 145 B.R. 651 (Bankr.C.D.Cal.1992)(section 328 anticipates that the court make a determination as to the reasonableness of a fee arrangement at the beginning of a case); 3 Collier on Bankruptcy ¶ 328.03 (15th ed.1996)("a court may not revisit the prior determination as to the "reasonableness' of an agreement previously approved unless and until it determines that the terms and conditions proved to be "improvident' ").

We reverse the order and remand the case for an award complying with § 328.

REVERSED and REMANDED.