ORDER AND AMENDED OPINION
 

 FISHER, Circuit Judge.
 

 ORDER
 

 The opinion filed December 5, 2001, is amended as follows:
 

 At slip op. 16550,
 
 delete
 
 the last sentence of the opinion (‘We reverse the district court’s decision and remand the case with instructions to grant Houlihan Lo-key’s fees and expenses in accordance with the bankruptcy court’s sec. 330 assessment.”) and
 
 replace
 
 with—
 

 We reverse the district court’s decision and remand the case with instructions to remand the case to the bankruptcy court. The bankruptcy court may grant
 
 *671
 
 such fees and expenses as it finds appropriate under 11 U.S.C. sec. 330, subject to appropriate review by the district court.”
 

 With this amendment, the panel has voted to deny appellee’s petition for rehearing and petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear, the matter en banc. Fed. R.App. P. 35.
 

 The petition for rehearing and petition for rehearing en banc, filed December 19, 2001, is DENIED.
 

 OPINION
 

 Overview
 

 This appeal presents the question of how a professional employed in the course of a Chapter 11 bankruptcy proceeding can be assured that its fees will be reviewed under the standards of 11 U.S.C. § 328, rather than § 330. Section 328(a) permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only “if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.”
 
 [1]
 
 In the absence of preapproval under § 328, fees are reviewed at the conclusion of the bankruptcy proceeding under a reasonableness standard pursuant to 11 U.S.C. § 330(a)(1).
 

 We hold that unless a professional’s retention application unambiguously specifies that it seeks approval under § 328, it is subject to review under § 330. As a matter of good practice, the bankruptcy court’s retention order should likewise specifically confirm that the retention has been approved pursuant to § 328 so as to avoid any ambiguity. The absence of such a specific reference in the bankruptcy court’s order, however, would not of itself automatically override the retention application’s invocation of § 328.
 
 [2]
 

 Factual and Procedural Background
 

 The Circle K Corporation filed a voluntary petition for relief under Chapter 11 of
 
 *672
 
 the Bankruptcy Code, 11 U.S.C. § 101
 
 et seq.,
 
 in May 1990. In July, the Official Debentures Committee (“Bondholder Committee”) sought approval from the bankruptcy court to retain Houlihan, Lo-key, Howard & Zukin as its financial ad-visor. In the Retention Application, the Bondholder Committee requested authority “to enter into a letter agreement dated as of July 12, 1990 establishing the terms and conditions of HLHZ’s engagement by the Committee” and attached the Retainer Agreement as an exhibit. The Retainer Agreement specified that Houlihan Lokey would be “paid ... a fee of $100,000 per month ... plus reasonable out-of-pocket expenses.” The Retainer Agreement acknowledged that it was “subject to the approval of the Court, which the Committee will promptly use its best efforts to obtain.” The Retention Application also stated that Houlihan Lokey would be paid $100,000 per month and that “[a]ll fees so paid remain subject to subsequent Bankruptcy Court approval in a final fee application to be submitted to the Court.” Neither the Retention Application nor the Retainer Agreement explicitly mentioned § 328.
 

 The bankruptcy court subsequently authorized the Bondholder Committee and the Unsecured Creditors Committee to retain Houlihan Lokey. The court order provided that:
 

 the Debtors are authorized to pay [Houl-ihan Lokey] the amount of $100,000 per month and reimburse expenses as set forth in the Application and Retainer Agreement subject to review by the court in a final fee application to be submitted by [Houlihan Lokey] on notice pursuant to relevant provisions of the Bankruptcy Code.
 

 The Retention Order did not mention § 328 or § 330.
 

 Houlihan Lokey submitted a First Amended Final Fee application in August 1995.
 
 [3]
 
 The bankruptcy court assessed the reasonableness of Houlihan Lokey’s fees and expenses under 11 U.S.C. § 330 and entered orders granting one-half of Houli-han Lokey’s requested fees and costs and denying the other half.
 

 On appeal, the district court determined that Houlihan Lokey had been employed pursuant to § 328, reversed the bankruptcy court’s ruling and remanded the case “to award Houlihan the fees requested unless the bankruptcy court finds that the terms and conditions of its fee agreement are ‘improvident in light of developments not capable of being anticipated at the time of the fixing of the terms and conditions’ ” — the standard of review under § 328. After Circle K’s unsuccessful interlocutory appeal to this Circuit,
 
 [4]
 
 the bankruptcy court entered an order granting Houlihan Lokey the full amount of fees and costs requested, as well as interest and attorney’s fees. Circle K appealed to the district court, which denied Circle K’s appeal and affirmed the bankruptcy court. Circle K timely appealed to this Court.
 

 Standard of Review
 

 We review de novo a district court’s decision on an appeal from a bank
 
 *673
 
 ruptcy court. We also review de novo the bankruptcy court’s original decision of the applicable statutory provision, and its decision to review Houlihan Lokey’s fees for reasonableness under 11 U.S.C. § 330.
 
 See Friedman Enters. v. B.U.M. Int’l, Inc. (In re B.U.M. Int'l Inc.),
 
 229 F.3d 824, 827-28 (9th Cir.2000);
 
 see also Pitrat v. Reimers (In re Reimers),
 
 972 F.2d 1127, 1128 (9th Cir.1992).
 

 Discussion
 

 We must decide whether Houlihan Lokey was retained pursuant to 11 U.S.C. § 328, such that the bankruptcy court was not permitted to engage in a § 330 reasonableness inquiry. We conclude that because the retention application did not unambiguously specify that § 328 governed, § 330 review was appropriate.
 

 The facts of this case are similar to those in our recent decision
 
 In re B.U.M. Int'l.
 
 There, the bankruptcy court approved a professional’s employment agreement, which provided for a flat monthly fee as well as a contingency fee. The retention application failed to cite § 328, and the bankruptcy court’s retention order stated that “all fees and costs of Friedman are subject to Court approval.”
 
 In re B.U.M. Int'l,
 
 229 F.3d at 826. When the professional applied to collect its fees, the bankruptcy court conducted a § 330 inquiry and denied the contingency fees altogether.
 
 Id.
 
 at 827. This Court affirmed, holding that the bankruptcy court had only conditionally approved the employment application and that § 330 review was therefore appropriate.
 
 Id.
 
 at 829-30.
 

 Here, even though the Bondholder Committee sought prior approval from the bankruptcy court to enter into a flat monthly fee arrangement with Houlihan Lokey, the Retention Application did not specifically refer to § 328 and it provided that “all fees so paid
 
 remain subject to subsequent Bankruptcy Court approval
 
 in a final fee application to be submitted to the Court.” (Emphasis added.) The Retention Order also made no reference to either § 328 or § 330. Finally, the bankruptcy court authorized the Bondholder Committee to pay Houlihan Lokey $100,000 per month,
 
 “subject to review by the court
 
 in a final fee application to be submitted by [Houlihan Lokey] .... ” (Emphasis added.) Therefore, we conclude that the bankruptcy court only conditionally approved Houlihan Lokey’s retention and that § 328 does not apply. The bankruptcy court was originally correct to review Houlihan Lokey’s fees for reasonableness under § 330.
 

 Our conclusion is bolstered by the bankruptcy court’s stated belief that it had not unconditionally approved Houlihan Lo-key’s fees under § 328. In its original order denying Houlihan Lokey half of its requested fees and expenses, the bankruptcy court refused to apply § 328. On remand, as it carried out its instructions from the district court, the bankruptcy court explicitly stated that its intent had been to approve a retention on the basis of § 330, not § 328.
 

 Moreover, another professional involved in this same bankruptcy proceeding, Merrill Lynch,
 
 did
 
 explicitly specify § 328 in its retention application. The bankruptcy court in its retention order stated that the debtors were empowered to pay Merrill Lynch “without further court order; provided, however, that all such payments of compensation and reimbursement of expenses by Debtors to Merrill Lynch shall be subject to the right of the Bankruptcy Court under 11 U.S.C. § 328(a) to review such payments.” In contrast to Houlihan Lokey, Merrill Lynch properly invoked § 328 and the bankruptcy court acknowledged that fact.
 

 We respectfully disagree with the Fifth Circuit’s decision in
 
 Donaldson Luf-
 
 
 *674
 

 kin & Jenrette Sec. Corp. v. Nat’l Gypsum Co. (In re Nat’l Gypsum Co.),
 
 123 F.3d 861 (6th Cir.1997). There the court held that a professional had been employed pursuant to § 328 even though § 328 was not specified in the retention application and the bankruptcy court’s order stated that “[t]he Court retains the right to consider and approve the reasonableness and amount of DLJ’s fees on both an interim and final basis.”
 
 Id.
 
 at 862. In this Circuit, unless a professional is unambiguously employed pursuant to § 328, its professional fees will be reviewed for reasonableness under § 330. To ensure that § 328 governs the review of a professional’s fees, a professional must invoke the section explicitly in the retention application. Preferably, the retention order would specify that section as well.5
 

 Conclusion
 

 In this case, Houlihan Lokey failed unambiguously to invoke § 328 in its Retention Application, and the bankruptcy court’s Retention Order did not mention § 328 or otherwise make clear that § 328 applied. Therefore, § 330 review was appropriate. We reverse the district court’s decision and remand the case with instructions to remand the case to the bankruptcy court. The bankruptcy court may grant such fees and expenses as it finds appropriate under 11 U.S.C. sec. 330, subject to appropriate review by the district court.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . "The trastee ... with the court’s approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.” 11 U.S.C. § 328(a).
 

 In contrast, Section 330 provides that the bankruptcy court "may award to a trustee, an examiner, a professional person employed under section 327 or 1103 — (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.” 11 U.S.C. § 330(a)(1). Section 328 permits a professional to avoid 11 U.S.C. § 330, which specifies the procedure to compensate a professional at the conclusion of the bankruptcy proceeding.
 

 [2]
 

 . Of course, a bankruptcy court is not compelled to accept a professional’s employment under § 328 merely because the application cites that statutory provision. The bankruptcy court is free to make clear that it is only conditionally approving the professional's retention, such that § 330 is applicable. Our point is merely that if a professional’s retention application cites § 328 and the bankruptcy court’s order otherwise makes clear that the retention has been approved pursuant to § 328, we will consider § 328 to apply even if the retention order does not specifically reference that section.
 

 [3]
 

 . Houlihan Lokey submitted its first Final Fee Application "pursuant to Sections 327 and 330," rather than pursuant to § 328. In its First Amended Final Fee Application, Houli-han Lokey stated that the applicable legal standard of review was that of § 328. Circle K contends that, because Houlihan Lokey cited § 330 in its first Final Fee Application, it should be judicially estopped from now arguing that § 328 applies. We need not resolve this issue in light of the ruling that § 328 does not apply.
 

 [4]
 

 . We dismissed Circle K’s appeal for lack of jurisdiction.