### In re ADVANCED MICROBIAL SOLUTIONS, L.L.C., Debtor.

### Advanced Microbial Solutions, L.L.C., Appellant,

v.

### Timothy Warren O'Neal, U.S. Trustee, Appellee.

Civ.A. No. 4:03–cv–163.
Bankruptcy No. 01–44831.

United States District Court,
E.D. Texas,
Sherman Division.

March 5, 2004.

Gerrit M. Pronske, Kirkpatrick & Lockhart, Dallas, TX, for Appellants.

Timothy Warren O'Neal, U.S. Trustee's Office, Tyler, TX, for Appellee.

## ORDER

CLARK, District Judge.

### Background

Debtor in possession, Advanced Microbial Solutions, L.L.C. (AMS) filed an application for an order authorizing the retention of Thompson, Coe, Cousins & Irons, L.L.P., (ThompsonCoe) to serve as its bankruptcy counsel in this case. [Doc. No. 19]. The United States Trustee did not object and the bankruptcy court entered an order approving the employment of ThompsonCoe as counsel for the estate. In due course ThompsonCoe filed an application for $101,347 in attorney fees and $17,494.40 in reimbursable expenses. [ Doc. No. 208]. The United States Trustee objected [Doc. No. 210]. After a hearing, the bankruptcy court entered its opinion setting out its finding of facts and conclusions of law [Doc. No. 227] and its order awarding attorney fees of $78,865.50 and reimbursable expenses of $10,901.97. [Doc. No. 228]. A notice of appeal was timely filed. Because appellant[1] did not

---

1. While debtor, AMS, is the named appellant, awarding additional attorney fees and costs

meet its burden of proof as to the additional amounts claimed, the order awarding attorney fees is affirmed.

## Standard of Review

■ A bankruptcy court's determination of attorney fees is reviewed for abuse of discretion. *Transamerican Natural Gas Corp. v. Zapata Partnership, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir.1994) *cert. denied* 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994). Findings of fact to support the award of attorney fees are reviewed for clear error. 12 F.3d at 487. While a court awarding attorney fees must explain how the factors set out in *Johnson v. Georgia Highway Expressway, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) affect the award, the amount awarded should be recalculated only if the court abuses its discretion. *See Longden v. Sunderman*, 979 F.2d 1095, 1100 (5th Cir.1992).

## Applicable Bankruptcy Law

■ The trustee [2] in a bankruptcy may, with the court's approval, employ an attorney. 11 U.S.C. § 327(a). The Bankruptcy Code provides two methods for calculating compensation. The first method, "the old method," has inherent uncertainties in that a professional provides the services and a court later determines what "reasonable compensation" is. 11 U.S.C. § 330. *See Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re National Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir.1997). Recognizing the uncertainties involved, and the difficulty in attracting able professionals, Congress enacted 11 U.S.C. § 328

to allow an alternate method by which a professional could obtain prior approval of a method of compensation. 123 F.3d at 862. Where the trustee, or debtor in possession, has obtained prior approval from the court for retention of an attorney under 11 U.S.C. § 327, and has obtained approval of the terms and conditions of employment (which may include a retainer, an hourly fee, or a contingency fee) the attorney should be paid under those terms unless "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328. *See National Gypsum*, 123 F.3d at 862–63, *Peele v. Cunningham (In re Texas Sec. Inc.)*, 218 F.3d 443, 445 (5th Cir.2000).

■ On the other hand, if the terms and conditions for payment have not been set out and approved along with the approval to retain the attorney, then 11 U.S.C. § 330 applies. In that type of case the court calculates attorney fees in the way such fees are generally calculated—by determining, and perhaps adjusting, a "lodestar," (calculated by multiplying a reasonable hourly fee times the number of hours reasonably expended) taking into account the twelve factors of *Johnson v. Georgia Highway Express. See In re Fender*, 12 F.3d at 487.[3]

## Analysis

### 11 U.S.C. § 328 Does Not Apply

■ The application to retain ThompsonCoe [Doc. No. 19] states the following concerning fees and expenses:

they effectively determine the reasonableness of the hourly fee. Accordingly, the lodestar is presumed to be a reasonable fee. Usually an adjustment for results or other factors should not be necessary or permitted. *See Pennsylvania v. Delaware Valley Citizens' Council For Clean Air*, 478 U.S. 546, 565–66, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

---

would benefit ThompsonCoe, not AMS.

**2.** In a Chapter 11 case such as this "trustee" includes a debtor in possession such as AMS. *See* 11 U.S.C. § 1107(a), Fed. R. Bankr.P. 9001(10).

**3.** Most of the *Johnson* factors are taken into account in setting the lodestar amount, since

5. ThompsonCoe will charge for time at its normal billing rates for attorneys and legal assistants and will request reimbursement for its out of pocket expenses. All fees and expenses will be subject Bankruptcy Court approval.

6. In November, 2001, ThompsonCoe received $30,000.00 from the Debtor. ThompsonCoe deposited same into its trust account. Prior to the filing of Voluntary Petition, ThompsonCoe drew down $14,236.07, leaving a trust balance of $14,763.93. ThompsonCoe has filed a Disclosure of Compensation pursuant to Bankruptcy 2016(b) *(sic)* and a Statement concerning ThompsonCoe's relationship with Applicant, its affiliates, creditors, shareholders or parties in interest, pursuant to Bankruptcy Rule 2014.

The record presented to this court does not contain any other reference to the terms and conditions of employment, such as a description of a retainer, the amount of the hourly fee to be charged by any of ThompsonCoe's attorneys or legal assistants, or whether the fee is on some type of contingent basis. Appellant's brief refers to an Affidavit A that allegedly accompanied the application to authorize the retention of ThompsonCoe. That affidavit is not part of the record before this court. The transcript of proceedings of the hearing before the bankruptcy judge indicates that no such affidavit was discussed, or brought to the attention of the court, at that hearing.

It is elemental that the party attacking the findings of a bankruptcy court is responsible for presenting a full record of all facts relied upon to the district court. The appellant not only designates the record, but is also required to provide copies of the designated items to be included in the record. FED. R. BANKR.P. 8006. The district court is not going to comb the complete file in the bankruptcy clerk's office searching for documents which may support an appellant's position.

In this case the court notes that, based upon the description of the missing affidavit set out in appellant's brief, the affidavit would not have affected this court's analysis. The application for retention of ThompsonCoe [Doc. No. 19] does not specifically incorporate, or even refer to, any Exhibit A. No Exhibit A is made a part of the proposed terms and conditions of retention of the firm, and it would, at most, be illustrative of the type of compensation which the firm had charged in the past, and might wish for in the future.

Also instructive is the fact that the order approving retention of ThompsonCoe did not approve any set amount of compensation for an hourly or monthly rate as was seen in the *National Gypsum* case. There was no formula for compensation based upon contingency fee, an hourly rate, or a blended formula as was seen in *In re Texas Securities*. There was no reference in the order to Affidavit A or any other fee schedule. Rather, the order approving the employment of ThompsonCoe simply stated that employment was approved "with compensation as may be awarded by the court upon proper application submitted pursuant to FED. R. BANKR.P. 2016(a) and LOCAL R. BANKR.P. 2016."

Accordingly, the court finds that this case is not governed by 11 U.S.C. § 328. As the bankruptcy judge correctly stated in his opinion, Appellant's fee application is subject to scrutiny under 11 U.S.C. § 330.

**Analysis of Attorney Fees Under 11 U.S.C. § 330**

The bankruptcy court quite properly noted that it must first determine the lodestar based upon a reasonable hourly fee and a reasonable number of hours for ser-

vices reasonably necessary for prosecution of the case. While ThompsonCoe submitted extensive billing records showing the time spent on the case, there is a dearth of evidence as to the amount of a reasonable hourly fee. At the hearing, Mr. Pronske stated:

> The rate that I asked Court for approval was $285 an hour. That's the rate that's in the fee application. On January 1st, my rate increased to $310 an hour, but we did not change the rate for this case. And so this case is at lower rate than the rate than I have charged this year for other clients.

■ Surprisingly, although witnesses were listed, and some exhibits submitted, no testimony or sworn affidavit was presented to the bankruptcy court concerning the amount of a reasonable hourly fee for Mr. Pronske or any legal assistant.[4] Presentation of such evidence in the form of an affidavit or live testimony is fundamental in presenting an attorney's fee application to a court. In the absence of such evidence, this court cannot say that the bankruptcy judge, who had experience in fees regularly charged in bankruptcy matters in the Eastern District of Texas, abused his discretion by adopting the "prevailing rate" in the district of $250 an hour for ThompsonCoe's lead attorney, Mr. Pronske, and the rate of $60 per hour for paraprofessional billing.[5] *See Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984).

■ The bankruptcy judge also deducted certain hours from the total requested by ThompsonCoe. These deductions were based upon duplication in work caused by debtor's failure to give notice in connection with an emergency motion, and work in connection with employment of another professional, 3 Degrees Holding, which was denied. The bankruptcy court was familiar with these proceedings, and with the work performed on the case. This court cannot say that the bankruptcy court abused its discretion in making these relatively minor deductions for time which the bankruptcy court found, and this court also finds, were not reasonably expended to benefit the estate. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). *See also Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro–Snax Distrib., Inc.)*, 157 F.3d 414, 426 (5th Cir.1998) (benefit to bankruptcy estate must be "identifiable, tangible, and material.")

■ The bankruptcy court made a deduction to expenses requested for computer research, properly noting that "full days were spent at the computer on issues of disinterestedness, for example. Such usage is not a prudent use of estate assets and, especially in this case, the result obtained did not accrue a benefit to the estate." Again, this determination is fact intensive, and the bankruptcy judge, being familiar with the case, was in an ideal

---

4. AMS did ask the court to admit the fee application [Doc. No. 208] as an exhibit, and that pleading does mention Mr. Pronske's qualifications and other *Johnson* factors. However the pleading was not sworn to, nor was it adopted by counsel at the hearing as true and correct, or as a summary of what his testimony would be. Counsel stated that it was offered in conjunction with the original application to retain ThompsonCoe, for the purpose of showing that the rates charged had not changed. This court would not accept an unsworn pleading as sworn testimony about reasonable attorney fees, and can not find that the bankruptcy court abused its discretion by not relying upon it.

5. Since the burden of establishing a reasonable hourly fee was upon applicant, and there was virtually no evidence, one could ask whether the rate set by the court was supported by the evidence. However, no such point of appeal was presented.

position to determine whether such research resulted in an identifiable, tangible, and material benefit to the estate. Costs not reasonably expended should not be awarded, and ThompsonCoe presented no evidence to support a finding that the bankruptcy court abused its discretion in this matter.

■ Finally, the bankruptcy court disallowed $2,974.02 which was requested for "expedited courier services." As the bankruptcy judge noted, under the U.S. Trustees Guidelines applicable in this district, expedited courier services are to be reimbursed from the estate only if unusual circumstances are in evidence. ThompsonCoe presented no evidence of unusual circumstances other than to note that the case was on a "fast track" basis. Again, the burden of proof in this application was on ThompsonCoe, and that burden was not met.

The court notes that the opinion of the bankruptcy judge did not set out in detail an analysis of the *Johnson* factors. However, nobody is complaining that the fees and expenses which were awarded were unjustified, in the sense that they should be reduced. Accordingly any error in that regard is harmless. As explained above, the reductions in the requested fees and expenses which AMS complains about, are based upon its failure to meet the burden of proving a reasonable hourly rate, and that all time and costs claimed were reasonably expended. Additional analysis of why the amounts awarded, or the additional amounts requested, might, or might not, be justified under *Johnson* would be a wholly academic exercise.

## Conclusion

■ Applications for attorney fees are not rocket science, and should not be the subject of extensive satellite litigation. In 11 U.S.C. § 328, Congress has provided a means for an attorney to propose clear terms and conditions of employment. If these are expressly approved by order of the bankruptcy court, the attorney will be compensated, as expected, in the absence of unanticipated developments which make the terms improvident.

■ This is the prudent practice for attorneys and bankruptcy courts seeking to avoid later disputes. *See* CASE MANAGEMENT MANUAL FOR UNITED STATES BANKRUPTCY JUDGES, Chap. IX, § A(2)(1995). When a party asks for, and receives, approval to retain an attorney at the attorney's "normal billing rates," with the total amount to be determined later by the court, then all concerned must recognize that 11 U.S.C. § 330 controls. In such a case it is incumbent upon the attorney to present evidence of the reasonable number of hours spent, and the hourly fees that are reasonable for both attorneys and legal assistants, based on factors set out in *Johnson v. Georgia Express*. *See also* TEX. DISCIPLINARY R. PROFESSIONAL CONDUCT, R. 1.04. This is commonplace for attorneys seeking fees in a broad range of cases under both federal and state law in Texas. An applicant who neglects to present sworn testimony or an affidavit establishing these basic factors cannot be heard to complain when the court relies upon its own experience and sets an hourly rate commensurate with those prevailing in that district.

In this case appellant has failed to present evidence which would demonstrate that the bankruptcy judge abused his discretion in making factual findings in this case. The bankruptcy court's Order awarding attorneys fees and costs [Doc. No. 228] is **AFFIRMED**.