# United States Court of Appeals
## For the First Circuit

No. 07-1539

CYNTHIA A. DECAIRE,

Plaintiff, Appellant,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Defendant, Appellee.

**ERRATA SHEET**

The opinion of this Court issued on March 11, 2008 is corrected as follows:

On page 2, line 17, add as the last sentence of the paragraph, after "any witness.":  "The facts of the record do not support the conclusions reached."

On page 14, in the first line of footnote 4, replace "EEO" with "Equal Employment Opportunity office".

On page 28, line 11, "he said could not trust" should be replaced with "he said he could not trust".

On page 43, line 3, add as the last sentence of the paragraph, after "Id. at 254.":  "We find the district court's theory is not adequately supported by the record, as we explain below."

On page 43, line 3, at the conclusion of the sentence added above that ends "not adequately supported by the record, as we explain below." insert the following footnote:

> We are concerned that the district court's utilization of a theory not advanced by either party may have prejudiced the parties in this case.  That is not invariably true.  Judges, like juries, may draw inferences, so long as they are supported by the evidence.  Parties, it should be noted, are always free to move in  the district court for reconsideration.  But the analytic structure of McDonnell Douglas requires the

plaintiff to show that defendant's proffered non-discriminatory motive is pretextual; that can be difficult to do without a clear articulation of defendant's purported motive. Although district courts sitting for bench trials are entitled to draw inferences from the evidence presented, here the court's spontaneous introduction of a new theory of justification may have prejudiced the plaintiff's ability to show pretext and the defendant's view of what the case was about. Our holding does not rest on possible prejudice, though.

On page 43, line 4, remove the whole paragraph beginning with "We have great concern over . . . ."

On page 43, line 19, remove both the footnote call "[11]" after "relied," and the corresponding footnote, formerly footnote 11, that stated: "If it had done so, plaintiff would have contested whether the personal loyalty argument was a legitimate defense."