FILED

APR 30 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP Nos.  CC-11-1263-HKiMk |
| | CC-11-1264-HKiMk |
| TV, LLC, | (Related Cases) |
| Debtor. | Bk. No.  11-14156 |
| CITY OF EL MONTE; EL MONTE COMMUNITY REDEVELOPMENT AGENCY, | |
| Appellants, | |
| v. | **M E M O R A N D U M**[1] |
| TV, LLC; JEFFER MANGELS BUTLER & MITCHELL, LLP; LANDSBERG & ASSOCIATES, | |
| Appellees. | |

Argued and Submitted on February 24, 2012
at Pasadena, California

Filed - April 30, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding.

Appearances:    Howard Kollitz of Danning, Gill, Diamond & Kollitz, LLP, argued for Appellants City of El Monte and El Monte Community Redevelopment Agency; Thomas M. Geher argued for Appellee Jeffer Mangels Butler & Mitchell, LLP; and Ian Scott Landsberg argued for Appellees TV, LLC and Landsberg & Associates.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Before: HOLLOWELL, KIRSCHER, and MARKELL, Bankruptcy Judges.

The City of El Monte and El Monte Community Redevelopment Agency (together, El Monte) appeal two orders of the bankruptcy court that granted the debtor's applications to employ professionals: (1) Landsberg & Associates, a Professional Law Group (Landsberg) as general insolvency counsel (BAP No. CC-11-1264-HKiMk); and, (2) Jeffer Mangels Butler & Mitchell, LLP (Jeffer) as special litigation counsel (BAP No. CC-11-1263-HKiMk). We DISMISS both appeals for lack of jurisdiction.

## I. FACTS

TV, LLC (the Debtor) filed a chapter 11[2] bankruptcy petition on January 31, 2011. The Debtor continued as debtor-in-possession at all times relevant to this appeal.[3] The Debtor's bankruptcy case is a single asset real estate case consisting of property in El Monte, California (Property).

On March 4, 2011, the Debtor filed an application to employ Landsberg as general insolvency counsel (the Landsberg Application). The Debtor sought approval of Landsberg

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. Local Bankruptcy Rules for the Central District of California are referred to as "LBR."

[3] We have taken judicial notice of the fact that a chapter 11 trustee was appointed by order entered June 9, 2011, and on January 25, 2012, the Debtor's case was converted to chapter 7.

retroactively to February 22, 2011.[4]

The Landsberg Application set out the proposed scope of Landsberg's representation in assisting the Debtor in all matters concerning the administration of the bankruptcy case. It provided the biographical information for the Landsberg attorneys, the terms of the employment, including billing rates, terms, and practices. It also included a verified statement that Landsberg had no interest adverse to the Debtor and no prior connection with the Debtor, the Debtor's insiders, creditors, or other parties in interest.

Additionally, the Debtor requested that the bankruptcy court allow Landsberg's fees and costs to be paid directly, on a monthly basis by the Debtor's majority member, Cross Ocean Holdings (USA), Inc. (Cross Ocean), as a gift on behalf of the Debtor. And, to the extent that Cross Ocean did not, or could not pay the fees and costs, the Debtor requested the fees and costs be paid as an administrative expense of the estate. Included with the Landsberg Application was the Debtor's request that a $25,000 retainer received from Cross Ocean be approved. Landsberg stated that, for any fees sought from the estate, it would apply to the bankruptcy court for compensation in accordance with §§ 327, 328, 330 and 331.

At the time the Debtor filed bankruptcy, Jeffer was assisting the Debtor with two pending disputes. First, the

---

[4] It is not clear from the record why the February 22 date was proposed. The Debtor substituted its previous counsel, Mr. Duran. An application for the employment of Mr. Duran was not filed.

Debtor asserted that it held an equitable and beneficial interest in the Property, even though the Property's title was held by Dennis Leung (Leung), a former member of the Debtor. The Debtor alleged that Leung was obligated under the terms of the Debtor's operating agreement to contribute the Property to the Debtor but failed to do so. The Debtor and Cross Ocean retained Jeffer in connection with the dispute and filed, prepetition, a complaint in California state court against Leung for breach of contract and to quiet title to the Property in favor of the Debtor (the Leung Action).

The second dispute concerned a major development project surrounding the El Monte bus depot (the Project). The Debtor was created to develop the Project with El Monte under a 2008 Disposition and Development Agreement (DDA). Sometime in 2010, El Monte terminated the DDA with the Debtor. After filing bankruptcy, in early March 2011, the Debtor filed a complaint in California state court against El Monte for breach of contract (the El Monte Action).

At the same time the Debtor filed the El Monte Action, it filed an application to employ Jeffer as special litigation counsel, retroactive to the petition date of January 31, 2011, for the purpose of assisting the Debtor with ongoing litigation in the Leung Action and to prosecute the El Monte Action (the Jeffer Application).

The Jeffer Application set out the proposed scope of Jeffer's representation, its billing rates, terms, and practices, and biographical information of its attorneys. The Jeffer Application also included a verified statement that Jeffer did

-4-

not hold or represent any interest adverse to the Debtor with respect to the Leung Action or the El Monte Action.

Jeffer made several disclosures regarding its relationships with the Debtor and Cross Ocean, as well as with some of the Debtor's members that it represented in connection with the DDA, the Leung Action, and in other general business and corporate matters. Jeffer also disclosed that Cross Ocean was paying its own fees and costs, as well as the fees and costs of the Debtor.

In the Jeffer Application, Jeffer requested that the bankruptcy court approve the fees already incurred and paid by Cross Ocean. It also requested that the bankruptcy court allow Cross Ocean to continue paying Jeffer directly, on a monthly basis for the Debtor's attorney's fees. To that end, Jeffer disclosed the fees it received prepetition and postpetition for services provided to the Debtor and to Cross Ocean. Jeffer represented that Cross Ocean would pay the fees as a gift to the Debtor and not seek reimbursement from the estate. However, to the extent Cross Ocean did not pay the Debtor's fees and Jeffer sought compensation from the estate, Jeffer stated it would apply to the bankruptcy court for compensation in accordance with §§ 327, 328, 330 and 331.

El Monte filed objections to the Landsberg Application and the Jeffer Application. El Monte argued that: (1) neither Landsberg nor Jeffer adequately disclosed all connections with the Debtor, creditors, and parties in interest; (2) having attorneys' fees paid by Cross Ocean created an improper conflict of interest; (3) Jeffer did not provide informed consent waivers from his former clients; and, (4) there were no grounds for

approving employment retroactively.

The bankruptcy court held a hearing on the Landsberg Application and the Jeffer Application on April 27, 2010 (Application Hearing). At the Application Hearing, El Monte pressed its main arguments that Landsberg, and particularly Jeffer, failed to disclose all conflicts with creditors, and that an adverse interest existed to disqualify both Landsberg and Jeffer because Cross Ocean was paying the fees, not the Debtor.

The bankruptcy court sought clarification from Jeffer of the fees already paid but otherwise overruled El Monte's objections and granted the Jeffer Application. The bankruptcy court also granted the Landsberg Application after it was satisfied that Landsberg would adequately address any conflict with Cross Ocean that could arise in the future.

The bankruptcy court entered an order granting the Jeffer Application on May 11, 2011, and the Landsberg Application on May 12, 2011 (together, the Employment Orders). The Employment Orders granted the Landsberg Application and the Jeffer Application in their entirety, approving all their terms, including the direct monthly payments by Cross Ocean, and Cross Ocean's payment of retainers and other fees. El Monte filed timely notices of appeal.

After El Monte appealed, at the close of a hearing on May 25, 2011, the bankruptcy court appointed a chapter 11 trustee replacing the Debtor as debtor-in-possession. Landsberg subsequently submitted two fee statements to the trustee setting out the fees and costs incurred by the Debtor during February and March 2011 (Fee Statements). The Fee Statements indicated that

-6-

Landsberg would draw against the retainer in its trust account unless an objection was filed. Although El Monte received notice of the Fee Statements, it did not file any objection to them.

On June 17, 2011, the Bankruptcy Appellate Panel (BAP) filed orders requiring El Monte to explain how the Employment Orders were final orders subject to appellate jurisdiction. El Monte responded by arguing that the Employment Orders were final in that they authorized the employment and compensation of Landsberg and Jeffer without allowing any further supervision by the bankruptcy court. The BAP granted El Monte's motions for leave to appeal by orders issued on July 26, 2011, reserving for the BAP's merits panel its own jurisdictional review regarding the issue of finality.

## II. ISSUES

Do we have jurisdiction over the appeal?

If so, did the bankruptcy court err in entering the Employment Orders?

## III. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(2)(A), and § 1334(b). We address below our jurisdiction under 28 U.S.C. § 158(a)(3).

## IV. STANDARDS OF REVIEW

Questions of our own jurisdiction, such as whether an order is final, may be raised sua sponte, and are reviewed de novo. Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d 782, 787 (9th Cir. 2003); Beverly v. Wolkowitz (In re Beverly), 374 B.R. 221, 230 (9th Cir. BAP 2007). Whether a bankruptcy court's decision is final is a

-7-

question of law reviewed de novo. Id.

Orders on employment and disqualification of professionals are reviewed for abuse of discretion. COM-1 Info, Inc. v. Wolkowitz, (In re Maximus Computers, Inc.), 278 B.R. 189, 194 (9th Cir. BAP 2002). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc); Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

**V.  DISCUSSION**

A.   Jurisdiction

1.   Finality/Leave To Appeal

A bankruptcy court order may be considered final if it "1) resolves and seriously affects substantive rights, and 2) finally determines the discrete issue to which it is addressed." Dye v. Brown (In re AFI Holding, Inc.), 530 F.3d 832, 836 (9th Cir. 2008) (internal quotation marks and citations omitted); see also SS Farms, LLC v. Sharp (In re SK Foods, L.P.), - F.3d.- 2012 WL 400421 *3 (9th Cir. Feb. 9, 2012). The Ninth Circuit recognized that even under the "flexible" standard for bankruptcy appeals, orders denying or granting employment are interlocutory. Howser v. U.S. Trustee (In re Howser), 2010 WL 610278 *3 (E.D. Wash. Feb. 17, 2010) (citations omitted); Sec. Pac. Bank Wash. v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389 (9th Cir. 1992).

Here, the BAP motions panel determined that leave to appeal

-8-

was appropriate. 28 U.S.C. § 158(a); Rule 8003(c) (authorizing the Panel to grant leave to appeal an interlocutory order). However, we are not bound by that determination. See Order Granting Leave to Appeal; Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.), 128 F.3d 1294, 1300 n.7 (9th Cir. 1997) ("While we give deference to motions panel decisions made in the course of the same appeal, we have an independent duty to decide whether we have jurisdiction."); Gschwend v. Markus (In re Markus), 268 B.R. 556, 565 (9th Cir. BAP 2001) aff'd in part, rev'd in part, 313 F.3d 1146 (2002) ("[R]ulings on appellate motions, while entitled to deference, do not bind merits panels.").

Granting leave to appeal an interlocutory order is appropriate when the order involves a controlling question of law as to which there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation. Travers v. Draque (In re Travers), 202 B.R. 624, 626 (9th Cir. BAP 1996); In re Roderick Timber Co., 185 B.R. 601, 604 (9th Cir. BAP 1995); see also In re Howser, 2010 WL 610278 at *4. El Monte's argument for leave to appeal was based on its contention that the bankruptcy court's approval of the Landsberg Application and the Jeffer Application allowed the Debtor to evade any further bankruptcy court scrutiny regarding attorneys' fees. But it is not clear that is the case.

According to the Landsberg Application and the Jeffer Application, Cross Ocean's payment of the fees was a "gift" to the estate. Gifts are generally considered to be property of the

-9-

estate.[5] Orders authorizing employment of professionals and fees paid from property of the estate may be reviewed by the bankruptcy court at any time. See In re Kings River Resorts, Inc., 342 B.R. 76, 84 (Bankr. E.D. Cal. 2006). Section 328(a) allows the bankruptcy court to "pre-approve" reasonable terms and conditions of employment and compensation of a professional when it approves his employment. Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.), 279 F.3d 669, 671 (9th Cir. 2002). However, the bankruptcy court has the ability to later depart from the approved terms if it proves to have been improvident in light of unanticipated developments.[6] Id.; In re

---

[5] State law governs whether the funds paid by Cross Ocean to Landsberg and Jeffer were gifts to the Debtor, which formed part of its estate. See In re Blixseth 2011 WL 3503155 *3 (Bankr. D. Mont. Aug. 10, 2011); see also Butner v. United States, 440 U.S. 48, 55 (1979) (determination of property rights in assets is left to state law).

In California, a gift requires "(1) competency of the donor to contract; (2) a voluntary intent on the part of the donor to make a gift; (3) delivery . . . (4) acceptance . . .; (5) complete divestment of all control by the donor; and (6) lack of consideration for the gift." Burkle v. Burkle, 141 Cal.App.4th 1029, 1036 n.5 (Cal. Ct. App. 2006) (internal quotations omitted). The Landsberg Application and the Jeffer Application both stated that Cross Ocean intended to make a gift to the Debtor for the payment of their attorneys' fees.

[6] An employment application must specify whether it seeks approval of fees under § 328 or § 330. In re Circle K Corp., 279 F.3d 669; LBR 2014-1(b)(1)(A). In the absence of pre-approval under § 328, fees are reviewed at the conclusion of the proceeding under the reasonableness standard of § 330(a)(1).

However, LBR 2014-1(c)(1) provides that "[i]f the court approves the terms of a professional's employment, including a fee based on an hourly rate, fixed or percentage fee, contingency

(continued...)

Cal. Farm Supply Co., 110 B.R. 461, 465 (Bankr. E.D. Cal. 1989) ("The bankruptcy court has substantial discretion in altering fee agreements when the circumstances warrant."). Consequently, the bankruptcy court had continued oversight of Landsberg's and Jeffer's employment and payment arrangements.

Accordingly, leave to appeal the Employment Orders is not necessary because, contrary to El Monte's contention, the matter can still be addressed by the bankruptcy court. See Sec. Pac. Bank Wash., 971 F.2d at 930. There is no unique issue of law, nor is judicial economy promoted by permitting the appeals to go forward. Therefore, we dismiss the appeals because the standards for granting leave to appeal have not been met.

2.   Mootness

Landsberg contends that these appeals are moot because a chapter 11 trustee has now been appointed to protect the estate's interests. However, because we have already determined that we lack jurisdiction over the appeals as interlocutory, we do not need to reach the question of whether the appeals are also moot.

B.   Merits

Because we do not have jurisdiction of the appeals, we do not reach the merits of El Monte's arguments on appeal.

### VI.   CONCLUSION

We DISMISS the appeals for lack of jurisdiction.

---

[6](...continued)
or success fee, or a combination thereof, the court will not reconsider such terms of employment at a subsequent time except as provided in 11 U.S.C. 328(a)."