FILED

AUG 06 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-13-1252-TaDKi |
| | ) | |
| MALCOLM D. OWENS, | ) | Bk. No. 13-14740-WJ |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| MALCOLM D. OWENS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on June 26, 2014
at Pasadena, California

Filed – August 6, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Wayne E. Johnson, Bankruptcy Judge, Presiding

Appearances:    David Akindele Akintimoye for Appellant Malcolm D.
Owens; Noah M. Schottenstein of the Executive
Office for U.S. Trustees for Appellee United
States Trustee.

Before: TAYLOR, DUNN, and KIRSCHER, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

1

Debtor Malcolm Owens retained David Akintimoye as bankruptcy counsel in a chapter 11[1] case that culminated in case dismissal. Debtor filed a second chapter 11 case and again sought court approval of Akintimoye's employment. The bankruptcy court denied the employment application without prejudice; Akintimoye, facially on behalf of Debtor, appealed.

We determine that the bankruptcy court did not abuse its discretion in denying the employment application without prejudice; we, thus, AFFIRM.

**FACTS**

The Debtor filed a chapter 11 bankruptcy petition; it was his second chapter 11 case in approximately eight months.[2] The Debtor previously retained Akintimoye as counsel in his first case. In his second case, he again moved for an order approving Akintimoye's employment. In support of the employment application, he submitted Akintimoye's declaration and statement of disinterestedness.

The United States Trustee ("UST") objected, arguing that Akintimoye was not disinterested as he appeared to hold a claim against the Debtor for unpaid legal fees owing from the first case. The UST also asserted that the oral retention agreement between the parties precluded approval of the employment based on § 528 and § 526 and that notice of the application failed to

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] We exercised our discretion to take judicial notice of the Debtor's first chapter 11 case and documents electronically filed in that case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

clearly state whether Akintimoye sought compensation under § 328 or § 330.

Akintimoye, facially on behalf of the Debtor, contested the UST's objection. He argued that the UST incorrectly assumed that he held a prepetition claim for "post-petition services rendered in the [first] case even though the [employment] application [] state[d] otherwise." ECF No. 34 at 5. Akintimoye pointed out that both his declaration and statement of disinterestedness expressly provided that neither he nor his firm held a prepetition claim against the Debtor or the estate for fees incurred in the first case. As a result, he argued that it was reasonable to infer his intent not to seek compensation in connection with the first case, based on both his declaration and statement of disinterestedness and the fact that he did not file a compensation application in the first case.

At the hearing on the matter, Akintimoye clarified that the Debtor sought approval to employ him as chapter 11 general counsel under § 328. The bankruptcy court then indicated that it likely would require additional briefing on the § 328 issue and, accordingly, it was not inclined to rule on the employment application that day. In response, Akintimoye expressed reluctance to continue to work on the case if the issue of his employment was "dicey" and stated that he was not prepared to continue working "in vain." Hr'g Tr. (May 14, 2013) at 10:17-18, 24-25; 11:1-2. The bankruptcy court then denied the application without prejudice and expressly allowed Akintimoye to file another and better supported employment application.

The bankruptcy court subsequently entered an order denying

3

the employment application.  This appeal followed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b).  We have jurisdiction under 28 U.S.C. § 158.[3]

**ISSUE**

Did the bankruptcy court err in denying the application to employ Akintimoye as bankruptcy counsel?

**STANDARD OF REVIEW**

We review a decision regarding an application for the employment of a professional for an abuse of discretion. Elias v. Lisowski Law Firm, Chtd. (In re Elias), 215 B.R. 600, 603 (9th Cir. BAP 1997), aff'd, 188 F.3d 1160 (9th Cir. 1999).  A review of an abuse of discretion determination involves a two-pronged test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application. See United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).  If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262.  Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous; we will affirm unless its findings were

---

[3] The UST moved to dismiss the appeal based on the fact that the order denying the employment application was interlocutory. A BAP motions panel denied that motion as the chapter 11 case had been dismissed; thus, the order became final.

Apparently, the case was subsequently reopened in order to "fully administer" the case.  Other than an order for stay relief, the case has remained dormant.  While it is unclear why the case was reopened (and the entry of a stay relief order in a dismissed case is slightly mystifying), the order to reopen did not vacate the dismissal order.  The case, thus, remains dismissed and the order denying the employment application remains a final order subject to review.

4

illogical, implausible, or without support in inferences that may be drawn from the facts in the record.  See id.

**DISCUSSION**

In an individual chapter 11 case, the employment or retention of general bankruptcy counsel is governed by § 327. Section 327(a) provides that, with the bankruptcy court's approval, a debtor-in-possession (pursuant to § 1107(a)) may employ, among other professionals, an attorney to represent the debtor-in-possession in carrying out statutory duties under the Code.  As a condition to approval, the attorney: (1) may not hold or represent an interest adverse to the bankruptcy estate; and (2) must be disinterested.  Id.; see also Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 687 (9th Cir. BAP 2006).

When so employed, an attorney is generally entitled to compensation for services rendered to a debtor.  The Code addresses attorney compensation in various provisions, including § 328.  Employment under § 327 is, however, a condition precedent to compensation under § 328(a).  See Michel v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.), 44 F.3d 1310, 1319 (6th Cir. 1995).

Importantly, § 328(a) permits a professional to seek pre-approval from the bankruptcy court as to terms and conditions of employment, including compensation, "such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'"  Circle K Corp. v.

5

Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.), 279 F.3d 669, 671 (9th Cir. 2002) (quoting 11 U.S.C. § 328(a)); see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.), 229 F.3d 824, 829 (9th Cir. 2000) ("There is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under [] § 328."). Pre-approval of an attorney's compensation, thus, is not lightly permitted.

To obtain § 328(a) compensation in the Ninth Circuit, the employment application must unambiguously specify that compensation pre-approval is sought under § 328. See In re Circle K Corp., 279 F.3d at 671. Otherwise, an attorney's right to payment of fees, by default, is governed by § 330 and subject to § 330 review. See id.

Here, Akintimoye's continued reference to approval of employment pursuant to § 328 is inapt. It may be a term drawn from the bankruptcy lexicon, but the Code is clear that an attorney's retention is governed by § 327 while his or her compensation is subject to either § 328 or § 330. Thus, while Akintimoye's stated goal was § 328 employment, what he really sought was retention under § 327 and compensation under § 328, as opposed to § 330.[4]

---

[4] The confusion relating to § 328 is exacerbated by a local Central District of California bankruptcy form. See F2081-1.5 Order RE Motion in Individual Chapter 11 Case For Order Employing Professional, available at http://www.cacb.uscourts.gov/forms/local_bankruptcy_rules_forms

continue...

6

**A. The bankruptcy court did not abuse its discretion in denying the employment application.**

Akintimoye argues that the bankruptcy court erred in determining that: the Debtor could not employ Akintimoye if his compensation was based on an hourly fee rate; §§ 528 or 526 provided appropriate grounds for denial of employment; and Akintimoye held a prepetition claim against the Debtor. He also contends error in the bankruptcy court's judicial notice of events in his first case.

We conclude that the bankruptcy court did not abuse its discretion in denying retention under § 327 without prejudice based on questions regarding Akintimoye's lack of disinterestedness. There was also no error in its discussion of the first case as it related to prospective compensation under § 328.

**1. Denial of the application was not based on §§ 528 and 526 or Akintimoye's request for hourly compensation.**

As a preliminary matter, we dispense with Akintimoye's assertions of error based on §§ 528 and 526 and his request for hourly compensation. The record belies Akintimoye's arguments.

At the hearing, the bankruptcy court expressly stated that it was <u>not</u> addressing the § 528 issue (and, by extension, the § 526 issue) unless and until other case status issues were first resolved. The bankruptcy court's denial of the employment

---

[4]...continue
(last visited Aug. 6, 2014). In particular, the form provides for only two options as to a debtor's request to employ a professional: § 327 or § 328.

application, thus, was not based on the UST's §§ 526 and 528 objections. Nor does the record reflect that the bankruptcy court made any determination as to Akintimoye's proposed hourly compensation structure, let alone that it denied the employment application for that reason. As a result, we disregard these arguments and do not consider this issue.

**2. The bankruptcy court did not err in determining that Akintimoye was not disinterested for § 327(a) purposes.**

The Code defines a "disinterested person" as a person that is not a creditor and "does not have an interest materially adverse to the interest of the estate . . . by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14); see also First Interstate Bank of Nev., N.A. v. CIC Inv. Corp. (In re CIC Inv. Corp.), 192 B.R. 549, 553 (9th Cir. BAP 1996).

Akintimoye alleges error in the bankruptcy court's determination that he held a prepetition claim against the Debtor and, thus, that he was a creditor of the Debtor. He reiterates, verbatim, his response to the UST's opposition before the bankruptcy court: that the UST erroneously assumed that he held a prepetition claim and that, based on his declaration and statement of disinterestedness, it was reasonable to infer that he did not intend to claim the unpaid legal fees from the first case.

The bankruptcy court correctly determined that Akintimoye was a prepetition creditor. Akintimoye does not dispute that there remained unpaid legal fees from the first case. As a result, he was a prepetition creditor. See 11 U.S.C.

8

§ 101(10)(A) (creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."); § 101(5)(A) (claim is a right to payment). And, therefore, Akintimoye was not disinterested for the purposes of § 327(a). See In re Kings River Resorts, Inc., 342 B.R. 76, 88 (Bankr. E.D. Cal. 2006) ("A professional holding a potential prepetition claim against a debtor . . . is a creditor of the estate and therefore not 'disinterested' . . . ."). On this record, the bankruptcy court's finding was not clearly erroneous.

The bankruptcy court also found that, insofar as Akintimoye purported to disavow his prepetition claim, he did not sufficiently do so. At the hearing, the bankruptcy court stated to Akintimoye: "I don't see any way that you can get around the disinterestedness requirement without **unconditionally, irrevocably waiving any claim** that the Debtor or the estate owes you from the prior case." Hr'g Tr. (May 14, 2013) at 14:9-12 (emphasis added). Again, on this record, the bankruptcy court's finding was not clearly erroneous.

An attorney may rectify disqualifying creditor status by waiver of his or her prepetition claim prior to court approval of employment. See generally In re Pillowtex, Inc., 304 F.3d 246, 253 (3d Cir. 2002) (collecting cases). Waiver of the prepetition claim, however, must be express, unconditional, and unequivocal. See In re Princeton Med. Mgmt. Inc., 249 B.R. 813, 816 (Bankr. M.D. Fla. 2000); In re E. Charter Tours, Inc., 167 B.R. 995, 997 (Bankr. M.D. Ga. 1994).

The bankruptcy court here was well within its discretion to

9

determine that inferences, all Akintimoye offered, did not constitute an express, unconditional, and unequivocal waiver of his prepetition claim. The bankruptcy court also had discretion to determine that Akintimoye's representations at the hearing were insufficient and to require additional, formal evidence of Akintimoye's purported disclaimer. See generally White v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. (In re CK Liquidation Corp.), 408 B.R. 1, 7-8 (1st Cir. BAP 2009) ("Bankruptcy courts are accorded wide discretion in determining whether a conflict of interest exists . . . and appellate courts should give appropriate deference to the bankruptcy court's 'front line' position, because the bankruptcy judge is in the best position to gauge the ongoing interplay of factors and to make what is often a very fact driven judgment call.") (internal citation omitted).

Based on the foregoing, the bankruptcy court did not clearly err in finding that Akintimoye held a prepetition claim or that he failed to clearly and unconditionally waive the claim. It is significant that the bankruptcy court offered to continue the matter to allow Akintimoye to supply an unconditional waiver. Akintimoye, however, declined this opportunity and, indeed, affirmatively requested denial. Even then, the bankruptcy court denied the application without prejudice and invited Akintimoye to file a more complete employment application and express waiver. Here, the bankruptcy court did not abuse its discretion.

**3. On this record, the bankruptcy court's reference to the first case did not constitute error.**

Akintimoye finally contends that the bankruptcy court erred

10

in considering the first case (and dismissal therein) when evaluating the employment application. We disagree.

The record shows that the bankruptcy court emphasized Akintimoye's need to prove that the second chapter 11 case was not simply a rehash of the first case, which it described as "fruitless and only served to delay creditors." Hr'g Tr. (May 14, 2013) at 15:12-14. It stated to Akintimoye:

> The prior Chapter 11 case [] was not fruitful. Nothing happened in the case except the Court had to deal with about a dozen motions for relief from stay. There was no plan filed. There was no disclosure statement prepared. There were no motions that I can recall that were filed at all.
>
> It appears that you filed the [first] case just to park [the Debtor] there for a year and get the benefit of the automatic stay. That's not what Chapter 11 is for. And the Court would be -- well, the Court is currently unconvinced that we won't have a repeat of that this time.

Id. at 10:3-13.

As previously discussed, an attorney's employment or retention is approved by the bankruptcy court pursuant to § 327. Our review of the record makes clear that the bankruptcy court's discussion of the first case related to prospective compensation under § 328, not proposed employment under § 327. It questioned whether Akintimoye was competent to represent the Debtor in the second case based on the events in the first case culminating in case dismissal. In this respect, the bankruptcy court was addressing the reasonableness of the terms and conditions of Akintimoye's prospective compensation as general bankruptcy counsel and, in particular, the appropriateness of limiting its ability to review compensation by allowing compensation under § 328, as opposed to § 330.

11

Given that the bankruptcy court denied the employment application based on lack of disinterestedness under § 327, it was not required to address § 328 and reasonableness of compensation. Its concerns, however, were reasonable. Further, its comments were relevant to a future employment application that the bankruptcy court's denial without prejudice expressly allowed. This discussion did not constitute error.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court.